JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DEAN TUSCANO

**DEFENDANTS**
NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK)

(b) County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
KELLER & GOGGIN, P.C.
1528 WALNUT STREET, SUITE 900
PHILADELPHIA, PA 19102 (215) 735-8780

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [x] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities Employment
- [ ] 446 Amer. w/Disabilities Other
- [ ] 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FEDERAL EMPLOYER LIABILITY ACT
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE: 05/11/2015

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

DEAN TUSCANO                                          :
1128 Durham Road                                      :
Wallingford, CT 06492                                 :
                                                      :
      VS.                  :
                                                      :
NATIONAL RAILROAD PASSENGER                           :
CORPORATION (AMTRAK)                                  :
30TH & Market Streets, 2nd Floor            :
Philadelphia, PA 19104                                :
                                                      :

## COMPLAINT

1. The Plaintiff herein, Dean Tuscano, a citizen and resident of the State of Connecticut, residing at 1128 Durham Road, Wallingford, CT 06492.

2. The action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, Sec. 51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act", and under "The Federal Safety Appliance Act", Title 45, U.S.C.A., Sec. 1-16 inclusive and under "The Federal Boiler Inspection Act", Title 45, U.S.C.A., Sec. 22-34, inclusive.

3. Defendant, National Railroad Passenger Corporation (hereinafter referred to as "Amtrak"), is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, doing business in the Commonwealth of Pennsylvania and whose principal place of business and address for service of process is 30th & Market Streets, 2d Floor, Philadelphia, PA 19104, and which regularly does business in the Eastern District of Pennsylvania.

3. All the acts alleged to have been done or not to have been done by the Defendant were done or not done by the Defendant, its agents, servants, workmen and/or employees acting in the course and scope of its employment for and on behalf of the Defendant.

5. At all time material hereto, Plaintiff was employed by Defendant.

6. All of the property, equipment and operations involved in the accident herein referred to were owned by an under the control of the Defendant, its agents, servants and/or employees.

7. As a result of the accident herein referred to, plaintiff has suffered a loss and impairment of earnings and earning power and will suffer the same for an indefinite time in the future; has undergone great physical pain and mental anguish and will undergo the same for an indefinite time in the future; has been obliged to undergo extensive medical care and may have to continue to expend large sums of money in the future in an effort to treat his injuries; and has been unable to attend to his usual duties and occupation and will be unable to attend to the same for an indefinite time in the future, all to his great detriment and loss.

8. The accident herein referred to was caused solely and exclusively by the negligence of the defendant, its agents, servants and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

9. On or about June 5, 2012, and for some time prior thereto, Plaintiff was employed by Defendant, Amtrak as an welder and on that date in the performance of his duties he was caused to sustain the serious, permanent and painful personal injuries, more particularly hereinafter described when, he stepped up the step to get back into the work truck, Plaintiff was caused to sustain serious injuries due to the negligence and carelessness of the Defendant, by not protecting him from known dangers. As a result, Plaintiff sustained severe personal injuries hereinafter described.

10. The negligence and carelessness of the Defendant consisted of the following, inter alia:

    a) Failing to provide Plaintiff with a safe place to work;

    b) Failing to provide Plaintiff with a working area which was not defective;

    c) Failing to provide Plaintiff with equipment which was not defective;

    d) Failing to warn Plaintiff of the existence of said dangerous condition;

    e) Failing to make the work area reasonable safe for working condition;

    f) Failing to maintain said area in a condition which would protect and safeguard the Plaintiff;

    g) Failing to provide safe methods and procedures;

   h)  Failing to correct the dangerous conditions existing thereon;

11. The aforesaid accident was caused by the negligence of the defendant, its agents, servants and/or employees, and by defendant's violation of "The Federal Employers' Liability Act", and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

12. As a result of the aforesaid, Plaintiff suffered injuries to knee resulting in a torn mensicus. Plaintiff has been advised that some or all of the above may be permanent in nature.

13. As a result of the aforesaid, Plaintiff has and may hereafter incur a medically determinable physical or mental impairment which prevents Plaintiff from performing all or substantially all of the material acts and duties which constitute his usual and customary daily activities.

14. As a result of the aforesaid, Plaintiff has and may suffer a severe loss of his earnings and impairment to his earning capacity and power.

15. As a further result of the negligence of the Defendant, the Plaintiff has undergone great physical pain and mental anguish and will continue to endure the same for an indefinite time in the future, all to his great detriment and loss.

16. As a further result of the aforesaid, Plaintiff has been obliged to undergo extensive medical care and treatment for these injuries which he has been bill, and he may be obliged to continue to expend large sums of money for the same purposes for an indefinite time in the future, all to his great detriment and loss.

WHEREFORE, Plaintiff, Dean Tuscano, claims of the Defendant, a sum in excess of ONE HUNDRED and FIFTY THOUSAND DOLLARS ($150,000.00).

        **KELLER & GOGGIN, P.C.**

     By: /S/James M. Duckworth
        JAMES M. DUCKWORTH, ESQUIRE
        Attorney for Plaintiff

Dated: May 11, 2015

## **VERIFICATION**

I, James M. Duckworth, Esquire, have read the foregoing. The statements herein are correct to the best of my personal knowledge, information and/or belief. This statement and verification is made subject to the penalties relating to unsworn falsifications to authorities, which provide that if I knowingly make false averments, I may be subject to criminal penalties.


/S/James M. Duckworth
JAMES M. DUCKWORTH, ESQUIRE


DATED:      May 11, 2015

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __1128 Durham Road, Wallingford, CT 06492__

Address of Defendant: __30th & Market Streets, 2nd Floor, Philadelphia, PA 19104__

Place of Accident, Incident or Transaction: __Providence, RI__

(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))
Yes☐  No ✓

---

Does this case involve multidistrict litigation possibilities?   Yes☐   No ✓

*RELATED CASE, IF ANY*:

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No ✓

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No ✓

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No ✓

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No ✓

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ✓ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, **James M. Duckworth**                                       , counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: __May 11 2015__          __James M. Duckworth__          __83017__
                                Attorney-at-Law                                 Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

DATE: __May 11 2015__          __James M. Duckworth__          __83017__
                                Attorney-at-Law                                 Attorney I.D.#

CIV. 609 (5/2012)

APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| DEAN TUSCANO | : | CIVIL ACTION |
| v. | : | |
| NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK) | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (✓)

| May 11, 2015 | James M. Duckworth | Dean Tuscano |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 735-8780 | (215) 735-5126 | Jduckworth@keller-goggin.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02